UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA )
)
) No. CV07-0568-PHX-SRB
Plaintiff, )
v. ) CONSENT DECREE
)
)
IMC MAGNETICS CORPORATION, )
et. al. )
Defendants. )

## I.  BACKGROUND

A.  The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), has filed a complaint against Defendants Janstar Development, Inc. ("Janstar" or "Settling Defendant"), IMC Magnetics Corporation, Circuit Express, Inc., K&S Interconnect, Inc., Sherman Leibovitz, Prestige Cleaners, Inc., Service & Sales, Inc. and Unitog Rental Services, Inc. pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended, ("CERCLA") seeking reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at and from the South Indian Bend Wash Superfund Site in Tempe, Arizona (the "Site").

B. The United States alleges that Settling Defendant Janstar owned a Facility within the Site during the time of disposal of hazardous substances at such Facility and from which

Facility there has been a release and threat of release of hazardous substances that have caused Plaintiff to incur response costs for the Site.  Plaintiff alleges that Settling Defendant is jointly and severally liable to Plaintiff for recovery of costs of responding to a release or a threatened release of hazardous substances at or from the Site pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

C.   Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

D.   Notwithstanding the allegations of Plaintiff and Settling Defendant's disclaimer in paragraph C above, Plaintiff and Settling Defendant Janstar have agreed to settle and compromise Plaintiff's claims for reimbursement of Site-related response costs as alleged in the complaint.

E. The United States has reviewed the financial information submitted by Janstar to determine whether Janstar is financially able to pay response costs incurred and to be incurred at the Site. Based upon this financial information, the United States has determined that Janstar is able to pay the amount specified in Section VI.

F.   Plaintiff and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement

2

of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.   JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1367; and 42 U.S.C. §§ 9607 and 9613(b). This Court also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.   PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendant Janstar Development, Inc. and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.   DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in

3

regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.   "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b.   "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of a conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c.   "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.   "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.   "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.   "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

4

g. "Facility" shall mean the plant or installation at 128 South Siesta Lane in Tempe, Arizona.

h. "Financial Information" shall mean those financial documents submitted by Settling Defendant in support of its application for settlement of the claims of the United States based on Ability to Pay.

i. "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

j. "Parties" shall mean the United States and Settling Defendant.

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

m. "Settling Defendant" shall mean Janstar Development, Inc.

n. "Site" shall mean the South Indian Bend Wash Superfund site, located in Tempe, Arizona, as depicted on Exhibit A attached hereto.

o. "South Indian Bend Wash Special Account" shall mean a special account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the

5

EPA Hazardous Substance Superfund.

p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to address its liability for the Site as provided in the Covenant Not to Sue by Plaintiff and subject to the Reservations of Rights by Plaintiff.

## VI. REIMBURSEMENT OF RESPONSE COSTS

5. Payment of Response Costs to the United States.

Within thirty (30) days of entry of this Consent Decree, Settling Defendant shall pay to the EPA Hazardous Substance Superfund $3,875.00.

6. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, the EPA Site Spill ID Number 09Y1, AZD980695969, DOJ Number 90-11-2-413/3, and the U.S.A.O. file number 9602074/2. Payment shall also be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Arizona following lodging of the Consent Decree. Any payment received by the Department of Justice after 4:00 p.m.

6

Eastern Time shall be credited on the next business day.

Settling Defendant shall send notice to EPA and DOJ that payment has been made in accordance with Section XIII (Notices and Submissions) and to:

Financial Management Officer
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105.

Amounts paid to the United States under this Consent Decree shall be deposited into the South Indian Bend Wash Special Account and shall be retained and used to conduct or finance response actions at or in connection with the Site or transferred by EPA to the EPA Hazardous Substance Superfund.

## VII.  FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

7.  Interest on Late Payments.  In the event that any payment required by Section VI (Reimbursement of Response Costs) or Section VII, Paragraph 8 (Stipulated Penalties), is not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

8.  Stipulated Penalties.

a.  If any amounts due to EPA under this Consent Decree are not paid by the required date, the Settling Defendant shall pay to EPA a stipulated penalty in addition to  the Interest required by Paragraph 8, of $200.00 per violation per day that such payment is late.

7

b.   Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

EPA Suoerfund
USEPA, Region 9
Attn: Superfund Accounting
PO Box 360863M
Pittsburgh, PA 15251

c. All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Site Spill ID Number 09Y1, AZD980695969, DOJ Number 90-11-2-413/3, and the U.S.A.O. file number 9602074/2.  Copies of check[s] paid pursuant to this Paragraph, and any accompanying transmittal letter[s], shall be sent to EPA and DOJ as provided in Section XIII (Notices and Submissions).

d.  Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified non-complying Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity.

8

Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

9.   If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

10. Payments made under Paragraphs 7,8 and 9 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

11.   Notwithstanding any other provision of this Section, the United States, in its unreviewable discretion, may waive payment of any portion of stipulated penalties that have accrued in favor of the United States pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from making any other payments required by this Consent Decree or from performance of any other requirements of this Consent Decree.

## VIII.   COVENANT NOT TO SUE BY PLAINTIFF

12.   Covenant Not to Sue by United States.   Except as specifically provided in Paragraph 13 (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a),

and Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973, with regard to the Site, including for past and future costs. This covenant not to sue shall take effect upon receipt by Plaintiff of all payments required by Section VI, Paragraph 5 (Payment of Past Response Costs to the United States) and Section VII, Paragraphs 7 (Interest on Late Payments) and 8 (Stipulated Penalties). This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to EPA by Settling Defendant. If the Financial Information is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and this covenant not to sue and the contribution protection in Section X shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' rights to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

13. <u>Reservation of Rights by United States</u>. The covenant not to sue set forth in Paragraph 12 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all other

10

matters, including but not limited to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability arising from the past, present, or future disposal, release, or threat of release of a hazardous substance outside of the Facility;

c. liability for future disposal of hazardous substances at the Site by Settling Defendant;

d. liability for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction or loss; and

e. criminal liability.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

14. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site, including past and future costs, or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claims arising out of response actions at or in connection with the Site, including any claim under the United

11

States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal

Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common

law; and

   c. any claim pursuant to Sections 107 and 113 of

CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

  15. Nothing in this Consent Decree shall be deemed to

constitute approval or preauthorization of a claim within the

meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R.

300.700(d).

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

  16. Nothing in this Consent Decree shall be construed to

create any rights in, or grant any cause of action to, any person

not a party to this Consent Decree. Each of the Parties expressly

reserves any and all rights (including, but not limited to, any

right to contribution), defenses, claims, demands, and causes of

action which they may have with respect to any matter,

transaction, or occurrence relating in any way to the Site

against any person not a Party hereto.

  17. The Parties agree, and by entering this Consent Decree

this Court finds, that Settling Defendant is entitled, as of the

effective date of this Consent Decree, to protection from

contribution actions or claims as provided by Section 113(f)(2)

of CERCLA, 42 U.S.C. § 9613(f)(2) for "matters addressed" in this

Consent Decree.  The "matters addressed" in this Consent Decree
are all response actions taken or to be taken and all response
costs incurred or to be incurred, at or in connection with the
Site, by the United States or any other person.  The "matters
addressed" in this Consent Decree do not include those response
costs or response actions as to which the United States  has
reserved its rights under this Consent Decree (except for claims
for failure to comply with this Decree), in the event that the
United States asserts rights against Settling Defendant coming
within the scope of such reservations.

18.  Settling Defendant agrees that, with respect to any
suit or claim for contribution brought by it for matters related
to this Consent Decree, it will notify EPA and DOJ in writing no
later than sixty (60) days prior to the initiation of such suit
or claim.  Settling Defendant also agrees that, with respect to
any suit or claim for contribution brought against it for matters
related to this Consent Decree, Settling Defendant will notify
EPA and DOJ in writing within ten (10) days of service of the
complaint or claim upon it.  In addition, Settling Defendant
shall notify EPA and DOJ within ten (10) days of service or
receipt of any Motion for Summary Judgment, and within ten (10)
days of receipt of any order from a court setting a case for
trial, for matters related to this Consent Decree.

19.  In any subsequent administrative or judicial proceeding

13

initiated by the United States for injunctive relief, recovery of
response costs, or other relief relating to the Site, Settling
Defendant shall not assert, and may not maintain, any defense or
claim based upon the principles of waiver, <u>res</u> <u>judicata</u>,
collateral estoppel, issue preclusion, claim-splitting, or other
defenses based upon any contention that the claims raised by the
United States in the subsequent proceeding were or should have
been brought in the instant case; provided, however, that nothing
in this Paragraph affects the enforceability of the Covenant Not
to Sue by Plaintiff set forth in Section VIII.

## XI.  **ACCESS TO SITE AND FACILITIES**

20. If the Facility, or any other property where access
and/or land/water restrictions are needed to implement response
activities at the Site, is owned or controlled by Settling
Defendant, Settling Defendant shall:

a. commencing on the date of lodging of this Consent
Decree, provide the United States, and its representatives,
including EPA and its contractors, with access at all reasonable
times to the Facility, or such other property, for the purpose of
conducting any response activity related to the Site, including,
but not limited to, the following activities:

1. Monitoring, investigation, removal, remedial or
other activities at the Site;

2. Verifying any data or information submitted to the

14

United States;

3. Conducting investigations relating to contamination at or near the Site;

4. Obtaining samples;

5. Assessing the need for, planning, or implementing additional response actions at or neat the Site;

6. Inspecting and copying records, operating logs, contracts or other documents maintained or generated bybSettling Defendant or its agents;

7. Assessing Settling Defendant's compliance with this Consent Decree; and

8. Determining whether the Facility or other property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted, by or pursuant to this Consent Decree.

b. commencing on the date of lodging of this Consent Decree, refrain from using the Facility, or such other property, in any manner that would interfere with or adversely affect the implementation, integrity or protectiveness of the removal or remedial measures to be performed at the Site.

21. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights with respect to the Site and the Facility, including enforcement authorities related thereto, under CERCLA, RCRA, and

any other applicable statutes or regulations.

## XII. RETENTION OF RECORDS

22. Until seven (7) years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken in connection with the Site or at the Facility or to the liability of any person for response actions conducted and to be conducted in connection with the Site, regardless of any corporate retention policy to the contrary.

23. After the conclusion of the document retention period in the preceding Paragraph, Settling Defendant shall notify EPA and DOJ at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records or documents to EPA. Settling Defendant may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of

16

the document, record, or information; and 6) the privilege asserted.  However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged.  If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendant shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved. If such a dispute is resolved in favor of the United States, Settling Defendant shall deliver the records and documents to Plaintiff as set out above.

24.  By signing this Consent Decree, Settling Defendant certifies that, to the best of its knowledge and belief, it has:

a.  conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Facility, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection

with the Site;

b.   not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to the potential liability of Settling Defendant regarding the Facility or the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

c.   fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

### XIII.   NOTICES AND SUBMISSIONS

25.   Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ and Settling Defendant (including any successors or assigns), respectively.

As to the United States:

For DOJ:

Chief
Environmental Enforcement Section

18

Environment and Natural Resources Division
U.S. Department of Justice (DOJ Number 90-11-2-413/3)
P.O. Box 7611
Washington, D.C.  20044-7611


For EPA:

Matt Jefferson
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105

James Collins, ORC-3
U.S. Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA 94105



As to Settling Defendant:

Michael Kelley
7220 North 16th Street, Suite B200
Phoenix, AZ 85020

## XIV.   RETENTION OF JURISDICTION

26.   This Court shall retain jurisdiction over this matter

for the purpose of interpreting and enforcing the terms of this

Consent Decree.

## XV.   INTEGRATION

27.   This Consent Decree constitutes the final, complete

and exclusive agreement and understanding among the Parties with

respect to the settlement embodied in this Consent Decree.  The

Parties acknowledge that there are no representations, agreements

or understandings relating to the settlement other than those

19

expressly contained in this Consent Decree.

### XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.   This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

29.   If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XVII.   EFFECTIVE DATE

30.   The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

### XVIII.   SIGNATORIES/SERVICE

31.   Each of the undersigned representatives of Settling Defendant and the United States certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

20

32. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

33. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

34. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54.

IT IS SO ORDERED THIS __30__ DAY OF _July_, 2007.

_____
UNITED STATES DISTRICT JUDGE

21

FOR THE UNITED STATES

Date: 2/27/07

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice
Washington, D.C.  20530

Date: _____

JAMES R. MacAYEAL
Trial Attorney
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 616-8777

PAUL K. CHARLTON
United States Attorney
MARK J. WENKER #18187
Assistant United States Attorney
2 Renaissance Square
40 North Central Street, Suite 1200
Phoenix, Arizona 85004

OF COUNSEL:

JAMES COLLINS
United States Environmental Protection Agency
Region IX
75 Hawthorne Street
San Francisco, CA  94105

FOR THE UNITED STATES

Date:_____            _____
                         SUE ELLEN WOOLDRIDGE
                         Assistant Attorney General
                         Environment and Natural Resources
                         Division
                         U.S. Department of Justice
                         Washington, D.C.  20530


Date:_____            _____
                         JAMES R. MacAYEAL
                         Trial Attorney
                         Environmental Enforcement Section
                         Environment and Natural Resources
                             Division
                         U.S. Department of Justice
                         P.O. Box 7611
                         Washington, D.C.  20530-7611

                         PAUL K. CHARLTON
                         United States Attorney
                         MONTE C. CLAUSEN
                         Assistant United States Attorney
                         2 Renaissance Square
                         40 North Central Street, Suite 1200
                         Phoenix, Arizona 85004


Date: 9/22/06            _____
                         KEITH TAKATA
                         Director, Superfund Division
                         U.S. Environmental Protection Agency
                         Region IX
                         75 Hawthorne Street
                         San Francisco, CA 94105


OF COUNSEL:

JAMES COLLINS
Assistant Regional Counsel
U.S. Environmental Protection
Agency

Region IX
75 Hawthorne Street
San Francisco, CA 94105

THE UNDERSIGNED PARTY enters into this Consent Decree in the

matter of United States v. IMC Magnetics Corporation, et. al,

relating to the South Indian Bend Wash Superfund Site.

Janstar Development, Inc.
an Arizona corporation

Date: 3/23/06   *Joseph Blejen*
                *President*

Agent Authorized to Accept Service on Behalf of Above-signed
Party:

JANSTAR DEVELOPMENT, INC.
JOSEPH BLEGEN, PRESIDENT

APPENDIX A



**Figure 3:**

TETRACHLOROETHENE
AND TRICHLOROETHENE
CONCENTRATIONS IN
GROUNDWATER

South Indian Bend Wash Superfund Site
Tempe, Arizona

April/May 2002